JAMES H. McKEE, Respondent, *v.* ROSAMOND GIFFORD, Appellant.

Fourth Department, March 9, 1932.

*Jesse E. Kingsley* and *Edwin Nottingham,* for the appellant.

*Frank J. Cregg,* for the respondent.

PER CURIAM. The finding of the jury to the effect that the contract substantially as alleged in the complaint was entered into in a conversation between the parties on or about the 1st day of September, 1921, is contrary to the weight of the evidence, considering the amount of the monthly payments by checks following that time and until the 1st day of July, 1922, and the overwhelming weight of evidence that the witnesses Wittkowski were not in the employ of the defendant for several months before the date mentioned and in view also of the documentary and other evidence in conflict with the plaintiff's testimony as to the $1,500 payment. Further the discharge of the plaintiff upon his own statement was not wrongful, it having been invited by his own words. On the whole case we are of the opinion that in the interests of justice a new trial should be had. The details of the work done by the plaintiff are of little importance in view of the fact that the plaintiff was in the employ of the defendant until on or about the 1st day of October, 1930, and the discharge of the plaintiff at that time was not based upon any default on his part in the performance of the contract occurring before the time that the relations of the parties as employer and employee were severed. A vast amount of testimony bearing on the plaintiff's performance of the contract may well be omitted on a retrial.

The judgment and order should be reversed upon the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the facts and a new trial granted. with costs to the appellant to abide the event.